UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.P.G., a minor, by and through his Guardian ad Litem, Teresa Guzman, | Case No. 23-cv-01167-TSH |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | Re: Dkt. No. 17 |
| ANTIOCH UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

## I.    INTRODUCTION

M.P.G. is a disabled individual who alleges the Antioch Unified School District ("AUSD") and its employees failed to protect him from sexually assault by a fellow student.  Pending before the Court is AUSD's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it seeks dismissal of all claims except M.P.G.'s claim for negligence.  ECF No. 17.  M.P.G. filed an Opposition (ECF No. 19) and AUSD filed a Reply (ECF No. 20).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 29, 2023 hearing.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.    BACKGROUND

Plaintiff M.P.G. was a student at Carmen Dragon Elementary School within AUSD who suffered from certain disabilities, including ADHD, and received special education services.  Compl. ¶¶ 6-7, ECF No. 1.  In the 2021/2022 scholastic year, M.P.G. was in the fourth grade and assigned to the special education class of teacher Cecilia Perez.  *Id.*

On February 25, 2022, Teresa Guzman, M.P.G.'s parent and guardian ad litem, informed

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 10, 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Perez that M.P.G. told her that another student from Perez's class ("Doe Student") pulled M.P.G.

2  into the bathroom and touched his "privates" earlier that week.  *Id.* ¶ 8.  Guzman asked Perez to

3  ensure the boys were not in the bathroom alone together.  *Id.*  After Perez failed to respond,

4  Guzman followed up with her when they spoke on the telephone on April 7.  *Id.* ¶ 9.

5  On June 3, 2022, M.P.G. reported to Guzman that Doe Student had sexually assaulted him

6  in the school bathroom again, including touching M.P.G.'s penis and possible anal penetration.

7  *Id.* ¶ 10.  There was also visible evidence of trauma to M.P.G.'s penis.  *Id.*  Guzman immediately

8  notified the Antioch Police Department, which initiated an investigation that remains pending.  *Id.*

9  Guzman also notified Carmen Dragon staff, including Perez and Principal Mark Hemauer.  *Id.* ¶

10  11.  Both Perez and Hemauer told Guzman that Doe Student had an ongoing restriction imposed

11  by AUSD in which he was not to use the restroom unattended and that his unsupervised use of the

12  restroom during the incidents involving M.P.G. was in contravention of this restriction.  This had

13  not previously been related to Guzman by Perez or by anyone else from AUSD after Guzman's

14  February 25 report.  *Id.*

15  M.P.G. filed this case on March 15, 2023, alleging that during the 2021/2022 school year,

16  employees of Carmen Dragon and AUSD, including Perez and Hemauer, were aware of

17  information giving rise to a reasonable suspicion that Doe Student posed an unreasonable risk to

18  fellow students, including a risk of committing sexual harassment, sexual assault, and sexual

19  battery.  *Id.* ¶ 12.  M.P.G. also alleges that Carmen Dragon and AUSD employees and

20  administrators were aware that Doe Student posed a danger to students including M.P.G., but they

21  negligently failed to investigate Doe Student's harassment and sexual misconduct, and negligently

22  failed to supervise students on the Carmen Dragon campus, including inside restrooms.  *Id.* ¶ 13.

23  Carmen Dragon and AUSD employees and administrators also failed to comply with District

24  policies relating to investigating reported sexual harassment of students and allowed Doe

25  Student's sexual harassment to continue and to escalate which resulted in Doe Student's sexual

26  assault of M.P.G.  *Id.*

27  M.P.G. alleging four causes of action: (1) discrimination in violation of the Americans

28  with Disabilities Act ("ADA"), 42 U.S.C. § 12132; (2) violation of section 504 of the

2

Rehabilitation Act of 1973; (3) negligence; and (4) violation of California Education Code section 220. Compl. ¶¶ 20-40. With respect to the ADA claim, M.P.G. alleges that AUSD "failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described hereinabove." *Id.* ¶ 23. In support of the Rehabilitation Act claim, M.P.G. alleges that, "[b]y their actions or inactions in denying equal access to educational services and by subjecting M.P.G. to a hostile educational environment, AUSD violated M.P.G.'s rights under § 504 of the Rehabilitation Act of 1973." *Id.* ¶ 28. And for the section 220 claim, M.P.G. alleges "the conduct of Defendants denied M.P.G. the right to equal access to educational benefits and opportunities." *Id.* ¶ 39.

AUSD filed the present motion on May 18, 2023. It argues M.P.G.'s claims other than negligence must be dismissed because his allegations focus only on alleged negligence by AUSD employees, and they fall short of pleading either deliberate indifference by AUSD or any alleged discrimination that was motivated by reason of his disability. AUSD requests M.P.G.'s first, second, and fourth claims for relief be dismissed with prejudice and that he "not be allowed to bootstrap a negligence case that happens to involve special education students into a federal action involving the ADA and Section 504." Mot. at 3.

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

United States District Court
Northern District of California

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   ADA and Rehabilitation Act Claims

#### 1.   Legal Standard

ADA Title II and Rehabilitation Act Section 504 both prohibit public entities from discriminating against people with disabilities by denying them access to or participation in that entity's benefits, services, and programs. *See* ADA Title II, 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."); Rehabilitation Act § 504, 29 U.S.C. § 794 ("[N]o otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.").

To establish a prima facie case of disability discrimination under the ADA, M.P.G. must

establish four elements: (1) he "is an individual with a disability"; (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). "A prima facie case under the Rehabilitation Act is identical, except that the plaintiff must also prove that the relevant program receives federal financial assistance." *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982, 992 (9th Cir. 2013) (citing *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)); *see also Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002) ("We examine cases construing claims under the ADA, as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts") (citation omitted). If the plaintiff seeks damages, he must also prove "intentional discrimination" by showing either discriminatory animus or deliberate indifference. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (citations and quotation marks omitted).

### 2. Discrimination "By Reason Of" Disability

AUSD first argues M.P.G. has failed to plead discrimination by reason of his disability. Mot. at 5-6. The parties do not dispute that plaintiff is an individual with a disability under both statutes. M.P.G. identifies himself as having certain disabilities and being assigned to a special education class at his elementary school. He also alleges AUSD personnel failed to investigate harassment and failed to supervise students on campus. However, there are no factual allegations in the complaint to suggest that any of these failures were motivated by a discriminatory animus based on his disability. In his opposition, M.P.G. argues there is a "reasonable inference that plaintiff was subjected to the abuse based [sic] by Doe Student based on his unique vulnerability as a special education student." Opp'n at 7. But it is unclear how the motivation of the alleged attacker, who is not a defendant in this case, has any bearing on whether AUSD personnel were motivated "by reason of" M.P.G.'s disability. *See J.R. by & Through Ringer v. Lakeport Unified*

United States District Court
Northern District of California

*Sch. Dist.*, 2018 WL 6726999, at *3 (N.D. Cal. Dec. 21, 2018) ("Plaintiff has failed to allege discrimination based on plaintiff's disability.  As such, defendants [sic] motion to dismiss plaintiff's claims under the ADA and Section 504 of the Rehabilitation Act is GRANTED."); *Kroll v. Cty. of Los Angeles*, 2021 WL 4555819, at *9 (C.D. Cal. June 28, 2021) ("[A]s to her claim that Bass targeted her due to disabilities, Kroll's complaint does not recite well-pleaded facts that give rise to an inference that [s]he was discriminated against or denied some prison program benefits due to these disabilities.  Instead, the . . . complaint describes something quite different – the sexual exploitation of an inmate by a correctional officer.") (internal citation omitted); *Pagan v. Brown*, 2009 WL 2581572, at *11 (N.D.N.Y. Aug. 19, 2009) ("The fact that plaintiff may be disabled, and that he alleges that he was subject to abuse, simply does not constitute a discrimination claim under the ADA or the Rehabilitation Act.").  In other words, M.P.G. has alleged that he is disabled and that he was mistreated as a result of purported negligence by AUSD personnel, but he has not alleged facts that would give rise to a claim under the ADA or Rehabilitation Act.  *See Garedakis v. Brentwood Union Sch. Dist.*, 183 F. Supp. 3d 1032, 1046-47 (N.D. Cal. 2016), *aff'd*, 738 F. App'x 387 (9th Cir. 2018), *withdrawn and superseded on denial of reh'g en banc*, 756 F. App'x 669 (9th Cir. 2018), *and aff'd*, 756 F. App'x 669 (9th Cir. 2018) ("Plaintiffs' argument appears to be that because their claim is that the minor plaintiffs were denied meaningful access to education, and because the education that the minor plaintiffs did not receive was education directed that focused on their disabilities, the denial of such access to education was necessarily 'by reason of' their disabilities.  The problem with this theory, as defendants point out, is that it could be applied to any ADA or § 504 claim by a student against a school district, and would eliminate the requirement that an ADA or § 504 plaintiff show that the alleged discrimination was 'by reason of' his/her disability, which is an element of claims under both the ADA and § 504.").  As such, he has not stated enough facts to state a claim to relief that is plausible on its face.  Accordingly, the Court **GRANTS** AUSD's motion as to M.P.G.'s first and third causes of action.

### 3.   Deliberate Indifference

Even if M.P.G. had properly plead discrimination by reason of his disability, AUSD also

United States District Court
Northern District of California

argues M.P.G. fails to plead deliberate indifference.  Mot. at 6-7.  To recover monetary damages under the ADA or the Rehabilitation Act, "a plaintiff must prove intentional discrimination on the part of the defendant," which requires a showing of "deliberate indifference."  *Duvall*, 260 F.3d at 1138.  "Deliberate indifference," in turn, requires (1) "knowledge that a harm to a federally protected right is substantially likely" and (2) "a failure to act upon that likelihood."  *Id.* at 1139.  This standard has been described by the Supreme Court as "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (This standard is "even higher than gross negligence— deliberate indifference requires a culpable mental state.  The state actor must 'recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'  In other words, the defendant 'knows that something is going to happen but ignores the risk and exposes [the plaintiff] to it.'") (citations omitted).  One of the reasons for this is to distinguish between events that are properly actionable under the ADA and Section 504 and those that instead "may be attributable to bureaucratic slippage that constitutes negligence rather than deliberate action or inaction."  *Duvall*, 260 F.3d at 1139-40.

Here, M.P.G.'s own allegations consistently refer to negligence rather than deliberate indifference.  By way of example, M.P.G. alleges AUSD personnel "negligently failed to investigate [the other student's] harassment and sexual misconduct," "negligently failed to supervise students on the Carmen Dragon campus," were "negligent and careless in failing to adequately supervise," and "negligently supervised M.P.G. in violation of the California Education Code."  Compl. ¶¶ 13, 15, and 17.  M.P.G. does allege he was damaged "as a direct and proximate result of the negligent and/or deliberately indifferent acts and/or omissions of Carmen Dragon and AUSD employees," *id.* ¶ 18, but this conclusory allegation is insufficient to plead the "stringent standard of fault" and actual intent that are required for deliberate indifference and a well-pled claim under the ADA and Rehabilitation Act.  *See R.N. by & through Neff v. Travis Unified Sch. Dist.*, 2020 WL 7227561, at *7 (E.D. Cal. Dec. 8, 2020) (finding plaintiffs failed to allege defendants acted with the culpable mental state necessary to plausibly state a claim for

1  relief under the deliberate indifference standard where they "merely offer[ed] conclusory

2  allegations of District defendants' awareness of abuse).

3        In his opposition, M.P.G. appears to argue that a plaintiff seeking to invoke the ADA and

4  Section 504 need not plead discrimination by reason of a disability if the plaintiff can instead

5  plead deliberate indifference.  Opp'n at 5 ("Contrary to Defendant's assertions, the Ninth Circuit

6  has explicitly held that intentional discrimination under the ADA and Section 504 is determined

7  under the deliberate indifference standard and does not require a showing of discriminatory

8  animus.") (citing *Duvall*, 260 F.3d at 1138-39).  But *Duvall* addresses the issue of the availability

9  of monetary relief and not the basic elements of these claims, which includes discrimination "by

10  reason of" a plaintiff's disability.  *See Duvall*, 260 F.3d at 1138-39 (identifying as an element of a

11  claim under Section 504 that the plaintiff was denied the benefit or services "solely by reason of

12  her handicap"); *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982, 992 (9th Cir. 2013)

13  (identifying as an element of a claim for relief under the ADA that the denial of exclusion, denial

14  of benefits, or discrimination was by reason of the plaintiff's disability).  To conclude otherwise

15  would require reading express and unambiguous language out of the ADA (which prohibits

16  discrimination "by reason of such disability") and Section 504 (which prohibits exclusion from

17  participation, denial of benefits, or discrimination solely "by reason of [a] handicap").

18        In sum, the Court finds M.P.G.'s allegations are insufficient to plead the "stringent

19  standard of fault" and actual intent that are required to establish deliberate indifference.

20  Accordingly, the Court **GRANTS** AUSD's motion as to M.P.G.'s claim for damages.

21  **B.       California Education Code Section 220**

22        Section 220 prohibits disability discrimination based on protected characteristics, including

23  disability, "in any program or activity conducted by an educational institution that receives, or

24  benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

25  Cal. Educ. Code § 220.  To state a viable claim, a plaintiff must allege: "(1) he or she suffered

26  'severe, pervasive and offensive' harassment, that effectively deprived plaintiff of the right of

27  equal access to educational benefits and opportunities; (2) the school district had 'actual

28  knowledge' of that harassment; and (3) the school district acted with 'deliberate indifference' in

the face of such knowledge." *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 579 (2008) (citation omitted).

For the same reasons as explained above in analyzing M.P.G.'s ADA and Rehabilitation Act claims, the Court finds M.P.G. has not shown the harassment he faced was because of his disability.  Without this showing, plaintiff fails to state a claim that he suffered "pervasive" and "severe" disability-based harassment. *See Wormuth v. Lammersville Union Sch. Dist.*, 2017 WL 6344453, at *14 (E.D. Cal. Dec. 12, 2017) (finding failure to establish disability-based harassment for plaintiff's ADA claim also established the same failure for section 220 claim).  Accordingly, the Court **GRANTS** AUSD's motion as to M.P.G.'s section 220 claim.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** AUSD's motion to dismiss M.P.G.'s first, third, and fourth causes of action.  If he chooses to do so, M.P.G. may file an amended complaint by July 10, 2023.

**IT IS SO ORDERED.**

Dated: June 16, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

9