1

2

3                        UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6   M.P.G., a minor, by and through his          Case No. 23-cv-01167-TSH
    Guardian ad Litem, Teresa Guzman,
7
                  Plaintiff,                      **ORDER GRANTING MOTION TO
8                                                 DISMISS**
             v.
9                                                 Re: Dkt. No. 23
    ANTIOCH UNIFIED SCHOOL DISTRICT,
10
                  Defendant.
11

12                              **I.    INTRODUCTION**

13          M.P.G. is a disabled individual who alleges the Antioch Unified School District ("AUSD")

14   and its employees failed to protect him from sexually assault by a fellow student.  Pending before

15   the Court is AUSD's Motion to Dismiss portions of M.P.G.'s First Amended Complaint ("FAC")

16   pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it seeks dismissal of all claims

17   except his claim for negligence.  ECF No. 23.  M.P.G. filed an Opposition (ECF No. 24) and

18   AUSD filed a Reply (ECF No. 25).  The Court finds this matter suitable for disposition without

19   oral argument and **VACATES** the September 14, 2023 hearing.  *See* Civ. L.R. 7-1(b).  For the

20   reasons stated below, the Court **GRANTS** the motion.[1]

21                               **II.    BACKGROUND**

22   **A.    Original Complaint**

23          M.P.G., who brings this action by and through his Guardian Ad Litem, Teresa Guzman,

24   filed this case on March 15, 2023.  ECF No. 1.  He alleged that he suffers from certain disabilities,

25   including ADHD, and receives special education services through AUSD, where he was enrolled

26   in a fourth-grade special education class at Carmen Dragon Elementary School for the 2021/2022

27

28   [1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos.
     10, 16.

United States District Court
Northern District of California

school year. M.P.G. alleged that on February 25, 2022, Guzman informed his teacher, Cecelia Perez, that M.P.G. told her another student from Perez's class ("Doe Student") pulled M.P.G. into the bathroom and touched his "privates" earlier that week. *Id.* ¶ 8. Guzman asked Perez to ensure the boys were not in the bathroom alone together. *Id.* After Perez failed to respond, Guzman followed up with her when they spoke on the telephone on April 7. *Id.* ¶ 9.

On June 3, 2022, M.P.G. told Guzman that Doe Student had sexually assaulted him in the school bathroom again, including touching his penis and possible anal penetration. *Id.* ¶ 10. There was also visible evidence of trauma to M.P.G.'s penis. *Id.* Guzman immediately notified the Antioch Police Department, which initiated an investigation that remains pending. *Id.* Guzman also notified Carmen Dragon staff, including Perez and Principal Mark Hemauer. *Id.* ¶ 11. Both Perez and Hemauer told Guzman that Doe Student had an ongoing restriction imposed by AUSD in which he was not to use the restroom unattended and that his unsupervised use of the restroom during the incidents involving M.P.G. was in contravention of this restriction. This had not previously been related to Guzman by Perez or by anyone else from AUSD after Guzman's February 25 report. *Id.*

M.P.G. alleged employees of Carmen Dragon and AUSD, including Perez and Hemauer, were aware of information giving rise to a reasonable suspicion that Doe Student posed an unreasonable risk to fellow students, including a risk of committing sexual harassment, sexual assault, and sexual battery. *Id.* ¶ 12. M.P.G. also alleged Carmen Dragon and AUSD employees and administrators were aware that Doe Student posed a danger to students including M.P.G., but they negligently failed to investigate Doe Student's harassment and sexual misconduct, and negligently failed to supervise students on the Carmen Dragon campus, including inside restrooms. *Id.* ¶ 13. Carmen Dragon and AUSD employees and administrators also failed to comply with District policies relating to investigating reported sexual harassment of students and allowed Doe Student's sexual harassment to continue and to escalate which resulted in Doe Student's sexual assault of M.P.G. *Id.*

M.P.G. alleged four causes of action: (1) discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; (2) violation of section 504 of the Rehabilitation

Act of 1973; (3) negligence; and (4) violation of California Education Code section 220.  Compl.

¶¶ 20-40.  With respect to the ADA claim, M.P.G. alleged that AUSD "failed in its responsibilities

under Title II to provide its services, programs, and activities in a full and equal manner to

disabled persons as described hereinabove."  *Id.* ¶ 23.  In support of the Rehabilitation Act claim,

M.P.G. alleged that, "[b]y their actions or inactions in denying equal access to educational services

and by subjecting M.P.G. to a hostile educational environment, AUSD violated M.P.G.'s rights

under § 504 of the Rehabilitation Act of 1973."  *Id.* ¶ 28.  And for the section 220 claim, M.P.G.

alleged "the conduct of Defendants denied M.P.G. the right to equal access to educational benefits

and opportunities."  *Id.* ¶ 39.

**B.      AUSD's First Motion to Dismiss**

On May 18, 2023, AUSD filed a motion to dismiss, arguing M.P.G.'s claims other than

negligence must be dismissed because his allegations focused only on negligence by AUSD

employees, and they fell short of pleading either deliberate indifference by AUSD or any alleged

discrimination that was motivated by reason of his disability.  ECF No. 17.  AUSD requested

M.P.G.'s first, second, and fourth claims for relief be dismissed with prejudice and that he "not be

allowed to bootstrap a negligence case that happens to involve special education students into a

federal action involving the ADA and Section 504."  On June 16 the Court granted AUSD's

motion with leave to amend.  ECF No. 21; *M.P.G. by and through Guzman v. Antioch Unified*

*Sch. Dist.*, 2023 WL 4053794 (N.D. Cal. June 16, 2023).  As to M.P.G.'s ADA and Rehabilitation

Act claims, the Court found that, while M.P.G. alleged that he is disabled and that he was

mistreated as a result of purported negligence by AUSD personnel, he had not alleged facts that

would give rise to a claim under the ADA or Rehabilitation Act.  *Id.* at *3.  Among other things,

the Court noted that "M.P.G.'s own allegations consistently refer to negligence rather than

deliberate indifference."  *Id.* at *4.  As to his section 220 claim, the Court found M.P.G. had

shown the harassment he faced was because of his disability.  *Id.* at *5.

**C.      First Amended Complaint**

M.P.G. filed his FAC on July 10, 2023, pleading the same four claims for violations of the

ADA, Section 504, California's section 220, and for negligence.  ECF No. 22.  The allegations are

United States District Court
Northern District of California

3

largely the same, except that the allegations in the amended complaint now omit the word "negligent" where it had modified acts described in the original complaint.  By way of example:

- *Compare* Compl. ¶ 13 to FAC ¶ 18 (omitting the word "negligently" from the original complaint's allegation that "they negligently failed to investigate Doe Student's harassment and sexual misconduct, and negligently failed to supervise students on the Carmen Dragon campus . . . .");

- *Compare* Compl. ¶ 15 to FAC ¶ 20 (replacing the original allegation that "AUSD was negligent and careless in failing to adequately supervise Doe student . . ." with the amended allegation that "AUSD failed to adequately supervise Doe student . . .");

- *Compare* Compl. ¶ 17 to FAC ¶ 24 (omitting the phrases "negligently and/or intentionally" and "negligently" from the original allegation that, "[o]n information and belief, the employees of AUSD, while working in the course and scope of their employment, negligently and/or intentionally, caused the injuries herein described and negligently failed to supervise M.P.G . . .");

- *Compare* Compl. ¶ 18 to FAC ¶ 25 (removing the phrase "negligent and/or deliberately indifferent" from the original allegation that, "[a]s a direct and proximate result of the negligent and/or deliberately indifferent acts and/or omission of Carmen Dragon and AUSD employees . . . "); and

- *Compare* Compl. ¶ 35 to FAC ¶ 45 (removing the word "negligent" from the original allegation that, "[a]s a proximate result of Defendant's negligent acts, Plaintiff has suffered general damages according to proof").

The amended complaint also offers four new considerations.  The first of these is the allegation that M.P.G.'s mother emailed Hemauer on May 13, 2022 "regarding her concerns about her son in Perez's special education classroom."  FAC ¶ 12.  In the email, Guzman stated that her son "cries every day at home that he cannot handle his class because of all the bullying and super excessive noise.  He was crying, shaking, and begging me last night to stay home today."  *Id.* M.P.G. alleges the bullying was primarily committed by Doe Student.  *Id.*

4

1    M.P.G. also offers several new paragraphs that include additional detail about an allegation

2    in the original complaint that his alleged attacker "had an ongoing restriction imposed by AUSD

3    in which he was not to use the restroom unattended."  Compl. ¶ 11.  These include an allegation

4    that the restriction that M.P.G.'s classmate was under is "sometimes referred to as requiring a

5    'shadow' or as a 'restroom shadow order,'" and that these "shadow orders" are "only implemented

6    for special education students," and "only under extraordinary circumstances due to a particular

7    student's past."  FAC ¶¶ 14-17.  Then, as in the original complaint, M.P.G. alleges District

8    personnel failed to enforce this restriction.

9    Next, the FAC adds new paragraph 22, which alleges that, "[b]ased on contemporary

10   studies, including those relied on by the U.S. Department of Health and Human Services, children

11   with disabilities are at an increased risk of being bullied and bullying others, a fact of which

12   AUSD knew or should have known."

13   And finally, the FAC alleges M.P.G.'s class "was a combined special education class, with

14   students with disabilities from third to sixth grade in the same classroom environment."  FAC ¶ 8.

15   M.P.G. alleges "there were no other general education classrooms with similar combined

16   grades/age ranges at Carmen Dragon outside of the special education classroom."  *Id.*  M.P.G. also

17   alleges his attacker was an older student ("either in fifth grade or sixth grade") and that "[b]y

18   creating a classroom with special education students from third to sixth grades, AUSD created a

19   risk of older students – particularly older students in the fifth or sixth grades who are entering

20   puberty – bullying and/or preying on younger special education students, including physically,

21   emotionally, and/or sexually."  *Id.* ¶ 23.

22   AUSD filed the present motion to dismiss on July 24, 2023.

23                          **III.   LEGAL STANDARD**

24   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

25   sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff

26   can prove no set of facts in support of his claim which would entitle him to relief."  *Cook v.*

27   *Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8

28   provides that a complaint must contain a "short and plain statement of the claim showing that the

*United States District Court*
*Northern District of California*

1  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must plead "enough facts

2  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3  570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility

4  that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  A complaint

5  must therefore provide a defendant with "fair notice" of the claims against it and the grounds for

6  relief.  *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

7       In considering a motion to dismiss, the court accepts factual allegations in the complaint as

8  true and construes the pleadings in the light most favorable to the nonmoving party.  *Manzarek v.*

9  *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551

10 U.S. 89, 93–94 (2007).  However, "the tenet that a court must accept a complaint's allegations as

11 true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere

12 conclusory statements." *Iqbal*, 556 U.S. at 678.

13      If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

14 request to amend the pleading was made, unless it determines that the pleading could not possibly

15 be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

16 banc) (citations and quotations omitted).  However, a court "may exercise its discretion to deny

17 leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated

18 failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

19 party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

20 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182

21 (1962)).

22                                    **IV.  DISCUSSION**

23 **A.    ADA and Rehabilitation Act Claims**

24        **1.    Legal Standard**

25      ADA Title II and Rehabilitation Act Section 504 both prohibit public entities from

26 discriminating against people with disabilities by denying them access to or participation in that

27 entity's benefits, services, and programs.  *See* ADA Title II, 42 U.S.C. § 12132 ("[N]o qualified

28 individual with a disability shall, by reason of such disability, be excluded from participation in or

United States District Court
Northern District of California

1    be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

2    discrimination by any such entity."); Rehabilitation Act § 504, 29 U.S.C. § 794 ("[N]o otherwise

3    qualified handicapped individual in the United States . . . shall, solely by reason of his handicap,

4    be excluded from participation in, be denied the benefits of, or be subjected to discrimination

5    under any program or activity receiving Federal financial assistance.").

6          To establish a prima facie case of disability discrimination under the ADA, M.P.G. must

7    prove:

> (1) he is an individual with a disability; (2) he is otherwise qualified
> to participate in or receive the benefit of some public entity's services,
> programs, or activities; (3) he was either excluded from participation
> in or denied the benefits of the public entity's services, programs, or
> activities, or was otherwise discriminated against by the public entity;
> and (4) such exclusion, denial of benefits, or discrimination was by
> reason of [his] disability.

12   *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982, 992 (9th Cir. 2013) (alteration in

13   original; quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)).  "A prima

14   facie case under the Rehabilitation Act is identical, except that the plaintiff must also prove that

15   the relevant program receives federal financial assistance."  *Id.* (citing *Duvall v. County of Kitsap*,

16   260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)); *see also*

17   *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002) ("We examine cases construing claims

18   under the ADA, as well as section 504 of the Rehabilitation Act, because there is no significant

19   difference in the analysis of rights and obligations created by the two Acts") (citation omitted).

20         If the plaintiff seeks damages, he must also prove "intentional discrimination" by showing

21   either discriminatory animus or deliberate indifference.  *A.G. v. Paradise Valley Unified Sch. Dist.*

22   *No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (citations and quotation marks omitted).  In the Ninth

23   Circuit, this means that a plaintiff's pleading must satisfy a standard that shows deliberate

24   indifference on the part of the defendant.  *Duvall*, 260 F.3d at 1138.  Deliberate indifference

25   requires both knowledge that a harm to a federally protected right is substantially likely, and a

26   failure to act upon that the likelihood.  *Id.* at 1139; *City of Canton v. Harris*, 489 U.S. 378, 389,

27   (1988).

28

United States District Court
Northern District of California

**2.      Discrimination "By Reason Of" Disability**

AUSD first argues M.P.G. has failed to plead discrimination by reason of his disability. Mot. at 13.  The parties do not dispute that plaintiff is an individual with a disability under both statutes.  M.P.G. identifies himself as having certain disabilities and being assigned to a special education class at his elementary school.  He also alleges AUSD personnel failed to investigate harassment and failed to supervise students on campus.

In its previous order, the Court found there were no factual allegations suggesting that the alleged failures were based on M.P.G.'s disability.  *M.P.G. by and through Guzman*, 2023 WL 4053794, at \*3.  While M.P.G. argued there was a reasonable inference that he was subjected to abuse by Doe Student based on his vulnerability as a special education student, the Court found it unclear how the motivation of the attacker, who is not a defendant in this case, has any bearing on whether AUSD personnel were motivated "by reason of" M.P.G.'s disability.  *Id.*  The Court found "there are no factual allegations in the complaint to suggest that any of these failures were motivated by a discriminatory animus based on his disability." *Id.*

In opposition to AUSD's renewed motion, M.P.G. relies on *Duvall* for the proposition that discrimination by reason of a plaintiff's disability need not be pled because it is instead sufficient to plead deliberate indifference.  Opp'n at 6.  However, as the Court found in its previous order, "*Duvall* addresses the issue of the availability of monetary relief and not the basic elements of these claims, which include discrimination 'by reason of' a plaintiff's disability." *M.P.G.*, 2023 WL 4053794, at \*4 (citing *Duvall*, 260 F.3d at 1138-39; *E.R.K.*, 728 F.3d at 992).  M.P.G. also cites the case of *Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008), for the same notion.  Opp'n at 6.  However, in that case, the Ninth Circuit discusses "the appropriate mens rea standard for a § 504 damages remedy" rather than the elements of a claim under the ADA or Section 504.  *Mark H.*, 513 F. 3d at 938.  M.P.G. also relies on *Karasek v. Regents of the Univ. of California*, 956 F.3d 1093, 1105 (9th Cir. 2020), a case in which three female students brought Title IX claims against a public university, alleging it acted with deliberate indifference in responding to students' complaints of sexual assault.  M.P.G. suggests the elements set forth in that case are applicable here.  Opp'n at 10.  However, the *Karasek* court did not address the ADA, Section 504, or even a

8

United States District Court
Northern District of California

1   plaintiff with a disability, and M.P.G. has not shown that the Ninth Circuit applies the Title IX

2   standard when analyzing the claims alleged here.  Accordingly, the Court finds M.P.G. must plead

3   discrimination by reason of his disability, and therefore turns to the new allegations in his

4   amended complaint.

5          First, M.P.G. alleges his mother emailed the school's principal to express her concerns

6   about the environment in M.P.G.'s special education classroom.  FAC ¶ 12.  However, he does not

7   offer any facts to support the notion that any actions or inactions by AUSD personnel in response

8   to this email was motivated by reason of his disability.  M.P.G. alleges AUSD personnel "were

9   aware of information giving rise to a reasonable suspicion that Doe Student posed an unreasonable

10  risk to fellow students at Carmen Dragon," *id.* ¶ 17, but as was the case with the original

11  complaint, these allegations do nothing to buttress his allegations regarding discriminatory intent.

12  *See Pagan v. Brown*, 2009 WL 2581572, at *11 (N.D.N.Y. Aug. 19, 2009) ("The fact that plaintiff

13  may be disabled, and that he alleges that he was subject to abuse, simply does not constitute a

14  discrimination claim under the ADA or the Rehabilitation Act."); *J.R. by & Through Ringer v.*

15  *Lakeport Unified Sch. Dist.*, 2018 WL 6726999, at *3 (N.D. Cal. Dec. 21, 2018) (where minor

16  with special needs brought claims against school district for failure to prevent bullying and sexual

17  harassment, court denied motion to dismiss Title IX claim, finding plaintiff satisfied deliberate

18  indifference standard, but granted motion to dismiss ADA and Section 504 claims because

19  "Plaintiff has failed to allege discrimination based on plaintiff's disability"); *Kroll v. Cty. of Los*

20  *Angeles*, 2021 WL 4555819, at *9 (C.D. Cal. June 28, 2021) ("[A]s to her claim that Bass targeted

21  her due to disabilities, Kroll's complaint does not recite well-pleaded facts that give rise to an

22  inference that [s]he was discriminated against or denied some prison program benefits due to these

23  disabilities.  Instead, the . . . complaint describes something quite different – the sexual

24  exploitation of an inmate by a correctional officer.") (internal citation omitted).

25         In his original complaint, M.P.G. alleged his assailant "had an ongoing restriction imposed

26  by AUSD in which he was not to use the restroom unattended."  Compl. ¶ 11.  M.P.G. has now

27  added an allegation that this type of restriction is "sometimes referred to as requiring a 'shadow'

28  or as a 'restroom shadow order.'"  FAC ¶ 14.  While this adds a label to the restriction, it does not

suggest that AUSD personnel violated it based on an intent to discriminate against M.P.G. because of his disability.  M.P.G. also alleges these "shadow orders" are "only implemented for special education students," and "only under extraordinary circumstances due to a particular student's past, severe behavioral issues when using the restroom unattended."  *Id.* ¶ 15.  He also alleges "AUSD had implemented a restroom shadow order not just for the benefit of other students, including M.P.G., but also for the benefit of Doe Student, a special education student, who had been identified by AUSD as requiring the extraordinary intervention of supervised restroom use."  *Id.* ¶ 16.  But even taking this allegation as true, any alleged failure by AUSD personnel to comply with such a restroom shadow order would impact any other students who might have found themselves alone in a restroom with Doe Student, not only M.P.G.  This new allegation actually cuts against the notion that any failure to comply with a restroom shadow order might have been directed against M.P.G., let alone that it could have been directed against him "by reason of" his disability.

M.P.G.'s also added an allegation that "[b]ased on contemporary studies, including those relied on by the U.S. Department of Health and Human Services, children with disabilities are at an increased risk of being bullied and bullying others, a fact of which AUSD knew or should have known."  *Id.* ¶ 22.  However, M.P.G. does not offer any factual allegations that might connect this general observation to any discriminatory intent by AUSD personnel with respect to M.P.G.

Lastly, M.P.G. alleges his class "was a combined special education class, with students with disabilities from third to sixth grade in the same classroom environment."  *Id.* ¶ 8.  M.P.G. further alleges his "disability was the sole reason he was placed in a classroom with an older student who had previously been identified as posing a risk of abuse."  Opp'n at 9.  However, if being placed in a classroom with other disabled students were enough to support a cause of action under the ADA and Section 504, then it would be enough merely to allege that a plaintiff suffers from a disability, and the case law makes clear that this is not the case.  *See M.P.G. by and through Guzman*, 2023 WL 4053794, at *3 (citing *Pagan*, 2009 WL 2581572, at *11 ("The fact that plaintiff may be disabled, and that he alleges that he was subject to abuse, simply does not constitute a discrimination claim under the ADA or the Rehabilitation Act.")); *Garedakis v.*

United States District Court
Northern District of California

*Brentwood Union Sch. Dist.*, 183 F. Supp. 3d 1032, 1046-47 (N.D. Cal. 201) *aff'd*, 738 F. App'x 387 (9th Cir. 2018), *withdrawn and superseded on denial of reh'g en banc*, 756 F. App'x 669 (9th Cir. 2018), *and aff'd*, 756 F. App'x 669 (9th Cir. 2018)) ("The problem with this theory, as defendants point out, is that it could be applied to any ADA or § 504 claim by a student against a school district, and would eliminate the requirement that an ADA or § 504 plaintiff show that the alleged discrimination was 'by reason of' his/her disability, which is an element of claims under both the ADA and § 504."). Again, M.P.G.'s allegation that he was in a combined special education class does not plausibly suggest that any personnel singled him out for discriminatory treatment by reason of his disability.

In sum, like the allegations in his original complaint, M.P.G. has alleged that he is disabled and that he was mistreated as a result of negligence by AUSD personnel, but he has not alleged facts that would give rise to a claim under the ADA or Rehabilitation Act. As such, he has not stated enough facts to state a claim to relief that is plausible on its face.

### 3. Deliberate Indifference

Even if M.P.G. had properly pled discrimination by reason of his disability, AUSD also argues M.P.G. fails to plead deliberate indifference. Mot. at 16-19. As stated above, to recover monetary damages under the ADA or the Rehabilitation Act, "a plaintiff must prove intentional discrimination on the part of the defendant," which requires a showing of "deliberate indifference." *Duvall*, 260 F.3d at 1138. "Deliberate indifference," in turn, requires (1) "knowledge that a harm to a federally protected right is substantially likely" and (2) "a failure to act upon that likelihood." *Id.* at 1139. This standard has been described by the Supreme Court as "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (This standard is "even higher than gross negligence—deliberate indifference requires a culpable mental state. The state actor must 'recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.' In other words, the defendant 'knows that something is going to happen but ignores the risk and exposes [the plaintiff] to it.'")

United States District Court
Northern District of California

11

United States District Court
Northern District of California

(citations omitted).  One of the reasons for this is to distinguish between events that are properly actionable under the ADA and Section 504 and those that instead "may be attributable to bureaucratic slippage that constitutes negligence rather than deliberate action or inaction."  *Duvall*, 260 F.3d at 1139-40.

In its previous order, the Court noted that "M.P.G.'s own allegations consistently refer to negligence rather than deliberate indifference."  *M.P.G. by and through Guzman*, 2023 WL 4053794, at *4 (citing Compl. ¶¶ 13, 15, 17).  In his FAC, M.P.G. has excised these references, but he has not replaced them with any factual allegations to support a pleading of deliberate indifference.  For example, instead of alleging that "AUSD was negligent and careless in failing to adequately supervise Doe Student," M.P.G. simply alleges "AUSD failed to adequately supervise Doe Student . . . ."  *Compare* Compl. ¶ 15 to FAC ¶ 20.  The problem with these new allegations is that they are silent as to the "culpable mental state" that is required to support a pleading of deliberate indifference.  *See Patel*, 648 F.3d at 974.  Instead, M.P.G. offers only conclusory allegations to the effect that AUSD personnel acted with deliberate indifference.  *See, e.g.*, FAC ¶ 27 ("The aforementioned failures exhibited a deliberate indifference to M.P.G.'s rights . . . .").  As was the case with the original complaint, these allegations are insufficient to plead deliberate indifference.  *See M.P.G. by and through Guzman*, 2023 WL 4053794, at *4 ("M.P.G. does allege that he was damaged 'as a direct and proximate result of the negligent and/or deliberately indifferent acts and/or omissions of Carmen Dragon and AUSD employees,' [Compl.] ¶ 18, but this conclusory allegation is insufficient to plead the 'stringent standard of fault' and actual intent that are required for deliberate indifference and a well-pled claim under the ADA and Rehabilitation Act.") (citing *R.N. by and through Neff v. Travis Unified Sch. Dist.*, 2020 WL 7227561, at *7 (E.D. Cal. Dec. 8, 2020) (finding plaintiffs failed to allege defendants acted with the culpable mental state necessary to plausibly state a claim for relief under the deliberate indifference standard where they "merely offer[ed] conclusory allegations of District defendants' awareness of abuse)).  Thus, the Court finds M.P.G.'s allegations are insufficient to plead the "stringent standard of fault" and actual intent that are required to establish deliberate indifference.  Accordingly, the Court **GRANTS** AUSD's motion as to M.P.G.'s ADA and Rehabilitation Act

1  claims.

2  **B.      California Education Code Section 220**

3          Section 220 prohibits disability discrimination based on protected characteristics, including

4  disability, "in any program or activity conducted by an educational institution that receives, or

5  benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

6  Cal. Educ. Code § 220.  To state a viable claim, a plaintiff must allege: "(1) he or she suffered

7  'severe, pervasive and offensive' harassment, that effectively deprived plaintiff of the right of

8  equal access to educational benefits and opportunities; (2) the school district had 'actual

9  knowledge' of that harassment; and (3) the school district acted with 'deliberate indifference' in

10  the face of such knowledge." *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 579

11  (2008) (citation omitted).

12          For the same reasons as explained above in analyzing M.P.G.'s ADA and Rehabilitation

13  Act claims, the Court finds M.P.G. has not shown the harassment he faced was because of his

14  disability.  Without this showing, plaintiff fails to state a claim that he suffered "pervasive" and

15  "severe" disability-based harassment.  *See Wormuth v. Lammersville Union Sch. Dist.*, 2017 WL

16  6344453, at *14 (E.D. Cal. Dec. 12, 2017) (finding failure to establish disability-based harassment

17  for plaintiff's ADA claim also established the same failure for section 220 claim).  Accordingly,

18  the Court **GRANTS** AUSD's motion as to M.P.G.'s section 220 claim.

19                              **V.    CONCLUSION**

20          For the reasons stated above, the Court **GRANTS** AUSD's motion to dismiss M.P.G.'s

21  first, third, and fourth causes of action.  Although it is unclear if M.P.G. can plausibly allege

22  claims under the ADA, section 504, and/or California's section 220, the Court shall grant him a

23  final opportunity to do so.  M.P.G. may file a second amended complaint by September 26, 2023.

24          **IT IS SO ORDERED.**

25

26  Dated: September 5, 2023

27

28
                                THOMAS S. HIXSON
                                United States Magistrate Judge