United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.P.G.,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No. 23-cv-01167-TSH<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On March 15, 2023, M.P.G., through his guardian ad litem, filed suit against the Antioch Unified School District, alleging claims for: (1) discrimination in violation of the Americans with Disabilities Act; (2) violation of section 504 of the Rehabilitation Act of 1973; (3) negligence; and (4) violation of California Education Code section 220. However, on September 5, 2023, the Court dismissed all but M.P.G.'s negligence cause of action. ECF No. 26. Although it was unclear if M.P.G. could plausibly allege claims under the ADA, section 504, and/or California's section 220, the Court granted him a final opportunity to do so,[1] setting a deadline of September 26, 2023. M.P.G. did not file an amended complaint by the deadline. Thus, the only claim pending in this case is a state law claim for negligence.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal

---

[1] The Court previously granted M.P.G. leave to amend when it dismissed the same claims in his original complaint. ECF No. 21.

1  quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.
2  2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject
3  matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal
4  question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.
5  A district court has federal question jurisdiction in "all civil actions arising under the Constitution,
6  laws, or treaties of the United States." *Id.* at § 1331. A district court has diversity jurisdiction
7  "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens
8  of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* §
9  1332(a)(1)-(2).

10  In his complaint, M.P.G. avers that the Court has federal question jurisdiction under 28
11  U.S.C. § 1331. First Am. Compl. ¶ 1, ECF No. 22. However, all claims based on federal question
12  jurisdiction have been dismissed. As to diversity jurisdiction, M.P.G. avers that he is a resident of
13  the City of Antioch, County of Contra Costa, California, and that Defendant is a public entity duly
14  incorporated and operating under California law as a school district. *Id.* ¶¶ 2-3. Thus, diversity
15  jurisdiction also does not exist.

16  Where a federal court has original jurisdiction over a claim, the court may exercise
17  supplemental jurisdiction over "all other claims that are so related to claims in the action within
18  such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §
19  1367(a). State claims are part of the same case or controversy as federal claims "when they derive
20  from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected
21  to try them in one judicial proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir.
22  2004) (internal quotation marks, citation omitted). However, supplemental jurisdiction "is a
23  doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise
24  jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of
25  Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks, citations omitted). Pursuant to 28
26  U.S.C. § 1367(c)(3), the Court may "decline supplemental jurisdiction over a claim" if it "has
27  dismissed all claims over which it has original jurisdiction," and need not state its reason for
28  dismissal. *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998); *Yates v.*

1   *Money Source, Inc.*, 2023 WL 4305059, at *6 (E.D. Cal. June 30, 2023).  A district court's

2   discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs*

3   values 'of economy, convenience, fairness, and comity.'"  *Acri v. Varian Assocs., Inc.*, 114 F.3d

4   999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726

5   (1966)).

As this case remains in the pleading stage, the Court finds judicial economy favors declining to exercise supplemental jurisdiction and dismissing M.P.G.'s negligence claim without prejudice to refiling in state court.  Accordingly, M.P.G. is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of jurisdiction.  M.P.G. shall file a written response to this Order by October 4, 2023.  Failure to do so will result in dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: September 27, 2023

THOMAS S. HIXSON
United States Magistrate Judge

3