1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    M.P.G.,                                    Case No.  23-cv-01167-TSH

8                     Plaintiff,

                                                **ORDER DISMISSING CASE**
9           v.                                  **WITHOUT PREJUDICE**

10   ANTIOCH UNIFIED SCHOOL DISTRICT,
     et al.,
11
                     Defendants.
12

13          On March 15, 2023, M.P.G., through his guardian ad litem, filed suit against the Antioch

14   Unified School District, alleging claims for: (1) discrimination in violation of the Americans with

15   Disabilities Act; (2) violation of section 504 of the Rehabilitation Act of 1973; (3) negligence; and

16   (4) violation of California Education Code section 220.  However, on September 5, 2023, the

17   Court dismissed all but M.P.G.'s negligence cause of action.  ECF No. 26.  Although it was

18   unclear if M.P.G. could plausibly allege claims under the ADA, section 504, and/or California's

19   section 220, the Court granted him a final opportunity to do so,[1] setting a deadline of September

20   26, 2023.  M.P.G. did not file an amended complaint by the deadline.  Thus, the only claim

21   pending in this case is a state law claim for negligence.

22          "Federal courts are courts of limited jurisdiction.  They possess only that power authorized

23   by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

24   (1994).  "Subject matter jurisdiction can never be forfeited or waived and federal courts have a

25   continuing independent obligation to determine whether subject-matter jurisdiction exists."

26   *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal

27   _____

28   [1] The Court previously granted M.P.G. leave to amend when it dismissed the same claims in his
     original complaint.  ECF No. 21.

United States District Court
Northern District of California

1   quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

2   2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject

3   matter jurisdiction").  There are two bases for federal subject matter jurisdiction: (1) federal

4   question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.

5   A district court has federal question jurisdiction in "all civil actions arising under the Constitution,

6   laws, or treaties of the United States."  *Id.* at § 1331.  A district court has diversity jurisdiction

7   "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens

8   of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  *Id.* §

9   1332(a)(1)-(2).

10      In his complaint, M.P.G. avers that the Court has federal question jurisdiction under 28

11   U.S.C. § 1331.  First Am. Compl. ¶ 1, ECF No. 22.  However, all claims based on federal question

12   jurisdiction have been dismissed.  As to diversity jurisdiction, M.P.G. avers that he is a resident of

13   the City of Antioch, County of Contra Costa, California, and that Defendant is a public entity duly

14   incorporated and operating under California law as a school district.  *Id.* ¶¶ 2-3.  Thus, diversity

15   jurisdiction also does not exist.

16      Where a federal court has original jurisdiction over a claim, the court may exercise

17   supplemental jurisdiction over "all other claims that are so related to claims in the action within

18   such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. §

19   1367(a).  State claims are part of the same case or controversy as federal claims "when they derive

20   from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected

21   to try them in one judicial proceeding."  *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir.

22   2004) (internal quotation marks, citation omitted).  However, supplemental jurisdiction "is a

23   doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise

24   jurisdiction over pendent claims for a number of valid reasons."  *City of Chicago v. Int'l Coll. of

25   Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks, citations omitted).  Pursuant to 28

26   U.S.C. § 1367(c)(3), the Court may "decline supplemental jurisdiction over a claim" if it "has

27   dismissed all claims over which it has original jurisdiction," and need not state its reason for

28   dismissal.  *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998); *Yates v.*

*Money Source, Inc.*, 2023 WL 4305059, at *6 (E.D. Cal. June 30, 2023). A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

As this case remains in the pleading stage, the Court finds judicial economy favors declining to exercise supplemental jurisdiction and dismissing M.P.G.'s negligence claim without prejudice to refiling in state court. As such, the Court ordered M.P.G. to show cause why this case should not be dismissed for lack of jurisdiction. ECF No. 27. M.P.G. responded that he "is not able to state a basis for why the Court should not dismiss Plaintiff's negligence claim without prejudice for lack of federal subject matter jurisdiction after its declination to exercise supplemental jurisdiction." ECF No. 28. Accordingly, having dismissed all claims over which it has original jurisdiction, the Court declines to exercise jurisdiction over M.P.G.'s pendent claims. This case is hereby **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

**IT IS SO ORDERED.**

Dated: October 4, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3